UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.08-81447-Civ-Hurley/Hopkins

PHILIP DAVIS,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S AMENDED MOTION TO TAX COSTS AND REVISED BILL OF COSTS
### (DEs 118, 119, 120, 121, 122)

**THIS CAUSE** has come before this Court upon an Order referring Plaintiff's Motion to Tax Costs and Plaintiff's Bill of Costs to the undersigned for a Report and Recommendation. (DEs 118, 119, 120, 122, 124). This Court has before it Plaintiff's Motion to Tax Costs, Plaintiff's Bill of Costs, Plaintiff's Revised Motion and Bill, Defendant's Response to Plaintiff's Revised Motion, and Plaintiff's Reply. (DEs 118, 119, 120, 121, 122, 123, 125). The matter is now ripe for review. For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's Revised Motion for Costs and Revised Bill of Costs. (DEs 120, 121).

## BACKGROUND

Plaintiff commenced the instant action after his seventeen year old son died in a car crash on Interstate 95 near Sixth Avenue South in Lake Worth. (DE 115, pgs. 1, 15-16). Plaintiff's son was rear-ended by a vehicle driven by an individual named Mark Best, who was employed by the United States Department of Customs and Border Protection. (DE 115, pg. 16).

Plaintiff's Second Amended Complaint asserted claims of negligence against all named Defendants.  (DE 13, pgs. 5-15).  In November of 2009, the District Court, upon stipulation by the affected parties, entered an Order of Dismissal as to Defendants Astaldi Construction Corporation, the Florida Department of Transportation, and The Corradino Group.  (DEs 49, 50).

The case between Plaintiff and Defendant United States ("Defendant") thereafter proceeded to a bench trial in May of 2010.  (DEs 106, 107, 110, 111, 113).  On  June 11, 2010, the District Court entered final judgment in favor of Plaintiff in the amount of three hundred thousand dollars ($300,000.00).  (DEs 115, 116).  Plaintiff's Motion to Tax Costs, Bill of Costs, and Revised Motion and Bill of Costs followed.  (DE 118, 119, 120, 122).

## DISCUSSION

Plaintiff seeks an award of seventy-eight thousand, one hundred seventy-eight dollars and thirty cents ($78,178.30) in costs.  (DE 120, pg. 1; DE 121).  Although Defendant agrees that Plaintiff should be entitled to a partial award of costs, Defendant also contends that some of the costs are not taxable.  (DE 123, pgs. 1-8).

The Federal Rules provide that prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute.  *See* Fed. R. Civ. P. 54(d)(1) (2009). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party.  *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (noting that the language of Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party which [the opponent] must overcome.")  However, such presumption is not without limits, and courts may only tax costs as authorized by statute.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000), *reh'g and reh'g en banc denied*, 233 F.3d 580 (11th Cir. 2000) (*citing Crawford Fitting*

2

*Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)); *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296-1297 (11th Cir. 2001).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).  This section provides in part,

**§ 1920. Taxation of costs**

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

****

28 U.S.C. § 1920 (2009).

Where a party challenges the costs requested, the burden lies with the challenging party. *See EEOC*, 213 F.3d at 621 (finding that challenging party did not demonstrate that any portion of the depositions were not "related to an issue which was present in the case at the time the deposition was taken.")  *See also Ferguson v. Bombardier Srvcs. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007) (*consolidated case*) (observing that the burden lies with the losing party, unless knowledge of the requested cost is within the exclusive knowledge of the requesting party) (*citing Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n. 1 (M.D. Fla. 1989), *aff'd sub nom. Desisto College, Inc. v. Line*, 914 F.2d 267

3

(11th Cir. 1990), *not followed on other grounds by EEOC*, 213 F.3d 600).

### A.  Fees of the Clerk

Defendant does not oppose Plaintiff's request for two hundred fifty-seven dollars and twenty cents ($257.20) in costs for fees paid to the Clerk.  (DE 120, pg. 1; DE 123, pg. 2).

Because filing fees may be taxed pursuant to section 1920(1), this Court **RECOMMENDS** that the District Court award Plaintiffs the two hundred fifty-seven dollars and twenty cents ($257.20) requested.  (DE 120, exh. 1, pgs. 27-28; DE 121).[1]  *See EEOC*, 213 F.3d at 621 (finding that the district court did not abuse its discretion by awarding costs where the request was unchallenged).

### B.  Fees for Service of Summons and Subpoena

Plaintiff seeks three hundred thirty dollars ($330.00) for the costs of service of summons and subpoenas.  (DE 120, pg. 1).  Defendant contends that Plaintiff is entitled to no more than one hundred ninety-five dollars ($195.00).  (DE 123, pg. 1).  Defendant also argues that (1) Plaintiff should not be awarded costs in connection with serving Corporal Martis a second time; and, (2) Plaintiff should not be awarded costs for serving Joe Polansky ("Polansky") because he was called as a witness by Defendant.  (DE 123, pg. 2) (*citing* DE 120, exh. 1, pgs. 35, 43).

In Reply, Plaintiff notes that Corporal Martis was served twice because he was served for both deposition and trial.  (DE 125, pg. 3).  Plaintiff further states that he is entitled to costs for service on Polansky because he testified at trial.  (DE 125, pg. 3).

Plaintiff's invoices show that Plaintiff paid one hundred dollars ($100.00) for service on

---

[1]  Plaintiff's invoices are attached to its Revised Bill of Costs.  (DE 120).  Because Plaintiff has not designated a specific exhibit number, this Court will cite to any invoices as (DE 120, exh. 1, pg. –), with the page number being the number contained in the top right corner of the CM/ECF banner.

Corporal Nelson Martis on January 16, 2008, and twenty dollars ($20.00) for service again on August 5, 2008.  (DE 120, exh. 1, pgs. 31, 37).[2]  The invoice detailing service on Corporal Martis on January 16, 2008, indicates that the one hundred dollar ($100.00) total fee was the result of having to serve Corporal Martis at a second address.  (DE 120, exh. 1, pg. 31).  Each of the two (2) attempts at service cost Plaintiff fifty dollars ($50.00).  (DE 120, exh. 1, pg. 31).  Plaintiff also paid thirty-five dollars ($35.00) for service on Polansky on April 22, 2010.  (DE 120, exh. 1, pg. 43).  Plaintiff employed the services of a private process server.  (DE 120, exh. 1, pgs. 31, 37, 43).

The Eleventh Circuit has held that private process server fees may be taxed under sections 1920(1) and 1921, so long as the taxable costs of the private process server are limited to the statutory fees authorized by section 1921.[3]  *See EEOC*, 213 F.3d at  624.  As noted in section 1921(b), "the "Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under subsection [1921](a).  Such fee shall, to the extent practicable, reflect the actual and reasonable cost of the service provided."  The current rate charged by the United States Marshal is fifty-five dollars ($55.00) per hour, plus travel costs and out of pocket expenses.  *See* 28 C.F.R. § 0.114(a)(3) (2009).

This Court concludes that Defendant's objections lack merit.  Initially, this Court notes that all of the invoices to which Defendant has objected show that the costs for service were

---

[2]  Plaintiff's invoices also show that Plaintiff paid sixty dollars ($60.00) for service on Corporal Martis on March 30, 2010.  (DE 120, exh. 1, pg. 41).

[3]  *See* 28 U.S.C. § 1920(1) (providing that "fees of the clerk and marshal" may be taxed); 28 U.S.C. § 1921(a)(1)(B), (G), (H) (2009) (providing that the court may tax as costs fees of the marshal for serving subpoenas for witnesses, and that the court may tax as costs necessary travel, including mileage, and overtime expenses incurred by deputy marshals in the course of serving civil process).

within the amount that could be charged by the United States Marshal.

Next, with regard to service on Corporal Martis, Plaintiff's invoice shows that Plaintiff only incurred costs in the amount of one hundred dollars ($100.00) because service had to be attempted for a second time at a different address.

Finally, with regard to service on Polansky, the fact that he was called as a witness by Defendant does not lead to a conclusion that Plaintiff should not be entitled to tax costs for such service. "Subpoenas to trial witnesses who Plaintiff could have reasonably believed were 'at least partially necessary to the litigation' may be taxed as costs." *Davis v. Sailormen, Inc.*, No. 6:05-cv-1497-Orl-22JGG, 2007 WL 1752465, *2 (M.D. Fla. June 15, 2007) (*quoting George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000); *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, No. 5:97CV15-OC-10C, 2001 WL 862642, *1 (M.D. Fla. May 4, 2001) (awarding costs for service of subpoenas on two trial witnesses who never testified at trial)). The fact that Plaintiff listed Polansky as a witness on two occasions, (DE 75; DE 80, pg. 22), supports a conclusion that Plaintiff believed that Polansky's appearance was "at least partially necessary to the litigation." *Davis*, 2007 WL 1752465 at *2.

In light of the foregoing, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's request for the costs of service, and award Plaintiff costs in the amount requested, three hundred thirty dollars ($330.00).  (DE 120, pg. 1; DE 121).

*See* 28 U.S.C. § 1921(b); *Davis*, 2007 WL 1752465 at *4 (taxing costs for service of subpoenas on individuals who were listed as trial witnesses for opposing party).

**C.  Fees for Printed or Electronically Recorded Transcripts**

Plaintiff seeks an award of five thousand, five hundred eleven dollars and eighty cents

($5,511.80) in costs for printed or electronically recorded transcripts necessarily obtained for use in the case.  (DE 120, pg. 1).  While Defendant lodges no objection to the request for costs associated with regular transcripts, Defendant does argue that Plaintiff is not entitled to tax costs for expedited or condensed transcripts, compressed or mini-scripts, CD-Roms with ASCII files, or postage and handling.  (DE 123, pgs. 2-3).  Furthermore, although Defendant agrees that the Court may tax costs for the videotaped deposition of Mark Best because he was an essential witness and was being deployed for active military duty in Iraq, Defendant also argues that Plaintiff's request for all other costs relating to videotaped depositions should be denied because Plaintiff has failed to explain the need for both stenographically recorded and videotaped depositions.  (DE 123, pgs. 5-6).

### Condensed/Expedited Transcripts, Mini-Scripts, CD-Roms, ASCII files, and Shipping

In this Court's experience, it is customary for stenographer's invoices to include additional expenses for services such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping.  Where such extra services are only for the convenience of counsel, they are not reimbursable.  *See Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992) (deposition costs incurred merely for convenience to counsel are not necessary or recoverable), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993); *Johnson v. Commc'ns Supply Corp.*, No. 05-60510-CIV, 2006 WL 3709620, *2 (S.D. Fla. Dec. 14, 2006) (declining to award costs for mini-transcripts and disk copies of transcripts because they were incurred for the convenience of counsel); *Amer. Guarantee & Liability Ins. Co. v. U.S. Fidelity & Guar. Co.*, No. 4:06CV655RWS, 2010 WL 1935998, *4, *6 (E.D. Mo. May 10, 2010) (denying request for costs

7

for mini, E-transcript, and rough ASCII because such costs were for the convenience of the attorneys and were not "necessarily obtained for use in the case" under section 1920; further denying request for costs of "litigation support CD-Rom" because such costs were incurred merely for convenience of counsel); *George v. Florida Dept. of Corr.*, No. 07-80029-Civ, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008) (denying request for costs of transcript delivery fee where defendant failed to demonstrate that the cost was incurred out of necessity, as opposed to mere convenience of counsel); *Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (denying request for costs of delivery of exhibits because such costs were not taxable).  Courts have also noted that "postage or delivery costs are ordinary business expenses and may not be charged in relation to obtaining transcripts."  *Henderson v. Home Depot U.S.A., Inc.*, No. 8:04-cv-2382-T-24TGW, 2006 WL 4978430, *4 (M.D. Fla. July 6, 2006) (*citing Scelta v. Delicatessen Support Serv., Inc*., 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002)).

A review of Plaintiff's invoices show that Plaintiff incurred costs for such services, as follows: (1) forty-one dollars and fifty-five cents ($41.55) for a condensed transcript, ASCII, CD-Rom, and shipping in connection with the deposition of Mark Best on October 6, 2008; (2) twenty dollars ($20.00) for a condensed copy and CD copy of the deposition of Roger Myers on June 8, 2009; (3) twenty dollars ($20.00) for a condensed copy and CD copy of the deposition of Mike Nash on September 10, 2009; (4) forty-eight dollars and fifty cents ($48.50) for a condensed transcript, ASCII, CD-Rom, and shipping in connection with the August 31, 2009, deposition of Corp. J.R. Wigfall; (5) seventy-eight dollars and thirty-two cents ($78.32) for a condensed transcript, ASCII, CD-Rom, and delivery for the January 20, 2010, deposition of

"Richard C. Moakes, CEng;" (6) sixty-five dollars and eight cents ($65.08) for a condensed transcript, ASCII, CD-Rom, and delivery for the January 19, 2010, deposition of Russell Kolmus, III; (7) one hundred thirteen dollars ($113.00) for a condensed transcript with ASCII and shipping for the February 2, 2010, deposition of Lauren Federico; (8) forty-two dollars ($42.00) for an e-transcript, miniscript, index, and postage in connection with the February 25, 2010, deposition of Joseph Polansky; (9) forty-three dollars ($43.00) for an e-transcript, miniscript, index, and postage in connection with the January 26, 2010, deposition of Winnifred Davis; (10) forty-one dollars ($41.00) for an e-transcript, miniscript, index, and postage in connection with the November 4, 2009, deposition of Jeremy Davis; (11) eight dollars ($8.00) for postage in connection with the deposition of Dr. Richard Crocco on February 22, 2010; (12) seven dollars and fifty cents ($7.50) for delivery of the videotaped deposition of Roger Myers taken on June 8, 2009; (13) thirty-five dollars ($35.00) for shipping of the videotaped deposition of Russell Kolmus, III, taken on January 20, 2010; and, (14) thirty-five dollars ($35.00) for shipping of the videotaped deposition of Richard Moakes taken on January 19, 2010.  (DE 120, exh. 1, pgs. 3, 4, 5, 7, 8, 9, 10, 12, 13, 14, 15, 47, 50, 51).  Such costs total five hundred ninety seven dollars and ninety-five cents.  ($597.95).

Plaintiff has made no attempt to show that such costs were not incurred for the mere convenience of counsel.  (DEs 123, 125).  As a result, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's request for such costs.

See *Amer. Guarantee & Liability Ins. Co.*, 2010 WL 1935998 at *4, *6 (denying request for costs for "litigation support CD-Rom" because such costs were incurred merely for convenience of counsel); *George*, 2008 WL 2571348 at *6 (denying request for costs of

9

transcript delivery fee where defendant failed to demonstrate that the cost was incurred out of necessity, as opposed to mere convenience of counsel); *Suarez*, 2008 WL 2955123 at *3 (denying request for costs of delivery of exhibits because such costs were not taxable); *Henderson*, 2006 WL 4978430 at *4 ("postage or delivery costs are ordinary business expenses and may not be charged in relation to obtaining transcripts.") (*citation omitted*).

### **Videotaped Depositions**

As noted above, although Defendant agrees to an award of the costs relating to the videotaped deposition of Mark Best, which amount to seven hundred sixty-three dollars ($763.00), Defendant otherwise contends that Plaintiff is not entitled to recover costs for any other videotaped deposition because Plaintiff has failed to show that both stenographically recorded and videotaped depositions were necessary.   (DE 123, pg. 5).

In response, Plaintiff contends that because Defendant failed to object to the deposition notices indicating that the depositions would be recorded by both stenographic means and videotaped, all costs for the videotaped depositions are taxable.  (DE 125, pg. 4).

The Eleventh Circuit has held that " . . . when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (*as quoted in Suppa v. Costa Crociere, S.p.A.*, No. 07-60526-Civ, 2008 WL 4629078, *2 (S.D. Fla. Oct. 17, 2008)).  However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain both regular transcripts and videotaped copies.  *See*

*Morrison*, 97 F.3d at 465 (noting that the prevailing party failed to explain why it was necessary to obtain video copies for use in the case).  *See also Ferguson*, 2007 WL 601921 at *3; *Perfect Web Techs., Inc. v. Infousa, Inc.*, No. 07-80286-Civ, 2009 WL 2407689, *9 (S.D. Fla. Aug. 4, 2009) (declining to award costs for videotaped depositions because the movant failed to explain why both stenographically transcribed and videotaped copies of the deposition were necessary) (*citations omitted*); *Utopia Provider Systems, Inc. v. Pro-Med Clinical Systems*, L.L.C., No. 07-60654-Civ, 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009) (*same*).

Plaintiff has offered no explanation as to the need for any videotaped depositions.  (DE 121; DE 125).  Nevertheless, after reviewing the case docket, this Court notes that the docket contains two (2) references to the videotaped deposition of Lauren Federico being presented at trial because she was unavailable.  (DE 93, pg. 1; DE 95, pg. 1).  The docket contains no other references to any other videotaped depositions being needed for trial.  In fact, all other references to depositions, apart from Plaintiff's notices of deposition, are the parties' respective deposition designations for trial, all of which are noted by page and line number.  (DEs 94, 97, 101, 102). Because Plaintiff has failed to show why it was necessary to obtain both stenographically recorded and videotaped depositions, this Court concludes that Plaintiff should be precluded from recovering costs relating to videotaped depositions, apart from the depositions of Mark Best and Lauren Federico.  This Court therefore **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's request for costs relating to videotaped depositions, and deduct a total of two thousand, nine hundred sixteen dollars and twenty cents ($2,916.20) for the videotaped depositions of Richard C. Moakes, Russell Kolmus III, Roger Myers, and Mike Nash.  (DE 120, exh. 1, pgs. 8, 9, 46, 47, 48, 50, 51).

11

In light of the foregoing recommended deductions, this Court **RECOMMENDS** that the District Court award Plaintiff a total of one thousand, nine hundred ninety-seven dollars and sixty-five cents ($1,997.65) in costs for printed or electronically recorded transcripts necessarily obtained for use in the case.  (DE 120, pg. 1; DE 121).

### D.  Other Costs/Expert Witness Fees

According to Plaintiff's Revised Bill of Costs, Plaintiff appears to request an award of "other" costs in the amount of seventy-two thousand, seventy-nine dollars and thirty cents ($72,079.30).  (DE 120, pg. 1).  However, in its Reply, Plaintiff argues only that it is entitled to tax the following costs incurred with respect to its expert witnesses: (1) attendance fees at the rate of forty dollars ($40.00) per day; (2) mileage in the amount of six hundred sixty-two dollars and forty cents ($662.40) for travel from Tallahassee; (3) a per diem charge of one hundred dollars ($100.00); and, (4) a hotel charge of two hundred eighteen dollars and thirty-two cents ($218.32) for subsistence expenses.  (DE 125, pgs. 5-6).

Defendant contends that because sections 1920 and 1821 limit witness fees to only forty dollars ($40.00) per day, and because its expert, G. Byrant Buchner ("Buchner"), testified on only one (1) day, Plaintiff may only be awarded forty dollars ($40.00) in connection with such witness.  (DE 123, pg. 4).

Courts may tax witness fees under section 1920(3).  *See Ferguson*, 2007 WL 601921 at *5.  However, such fees are limited to an attendance fee of forty dollars ($40.000) per day for each day of attendance, common carrier expenses at the most economical rate reasonably available, and a subsistence allowance not to the exceed the per diem allowance for federal employees when a witness is required to stay overnight.  *See Id*. (*citing* 28 U.S.C. § 1821(c)(1),

(d)(1)-(2)).  Mileage may be taxed for witnesses who travel by private vehicle, in accordance with the amount which is allowed by the Administrator of General Services for travel by federal government employees.  *See* 28 U.S.C. § 1821(c)(2) (2009).

This Court initially concludes that Defendant's contention that Plaintiff may only recover forty dollars ($40.00) in connection with Buchner's testimony lacks merit.  Rather, as noted by *Ferguson*, Plaintiff should also be entitled to recover mileage and a subsistence or per diem fee.

Because Defendant agrees that Plaintiff should recover forty dollars ($40.00) in connection with Buchner's one (1) day of testimony, this Court need not further address Plaintiff's request for such costs.  This Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's request for such costs.  (DE 120, pg. 1; DE 121).

*See* 28 U.S.C. § 1821(b) (2009); *EEOC*, 213 F.3d at 621 (finding that the district court did not abuse its discretion by awarding costs where the request was unchallenged).

With regard to Plaintiff's request for six hundred sixty-two dollars and forty cents ($662.40) for mileage for travel from Tallahassee, Plaintiff's invoices show that Quest Engineering and Failure Analysis, Inc. billed Plaintiff for 828 miles of travel at the rate of eighty cents ($.80) per mile.  (DE 120, exh. 1, pg. 24).  However, according to the website for the United States General Services Administration, http://www.gsa.gov, the 2010 mileage rate is fifty cents ($.50) per mile.  Based on such rate, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's request, and award Plaintiff mileage costs in the amount of four hundred fourteen dollars ($414.00).  (DE 120, pg. 1; DE 121).  *See* 28 U.S.C. § 1821(c)(2) (2009).

Finally, with regard to Plaintiff's request for two hundred eighteen dollars and thirty-two

13

cents ($218.32) in subsistence expenses relating to Buchner's hotel stay, Plaintiff's invoices show that Plaintiff was billed one hundred and nine dollars and sixteen cents ($109.16) per night, for two (2) nights at a hotel.  (DE 120, exh. 1, pg. 24).  Because Defendant has failed to show that such costs are not reasonable, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's request for such costs.  (DE 120, pg. 1; DE 121).

*See* 28 U.S.C. § 1821(d)(1) (2009); *EEOC*, 213 F.3d at 621 (finding that challenging party did not demonstrate that any portion of the depositions were not "related to an issue which was present in the case at the time the deposition was taken.")  *See also Ferguson*, 2007 WL 601921 at *5) (awarding airfare costs for witness who traveled from Rhode Island because fare was reasonable, but reducing airfare costs for other witness who traveled from Alabama because such costs exceeded the most economical rate reasonably available).

In light of the foregoing, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's request for the above costs, and award Plaintiff costs incurred by its expert witness in the amount of six hundred seventy-two dollars and thirty-two cents ($672.32).  (DE 120, pg. 1; DE 121).

14

## SUMMARY OF RECOMMENDATION OF COSTS

In conclusion, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's Revised Motion to Tax Costs and Revised Bill of Costs, (DEs 120, 121), and award Plaintiff costs as follows:

      A.) Fees of the Clerk: $257.20

      B.) Summons and Service: $330.00

      C.) Deposition, Hearing, and Trial Transcripts: $1,997.65

      D.) Other Costs: $672.32

**TOTAL RECOMMENDED AWARD OF COSTS**: $3,257.17

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, Senior United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1) (2009) (providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy.")  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S.

958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).


      **DONE AND SUBMITTED** in Chambers this 7 day of September, 2010, at West Palm

Beach in the Southern District of Florida.



                                      *James M. Hopkins*


                           _____
                           JAMES M. HOPKINS
                           UNITED STATES MAGISTRATE JUDGE


Copies to:
The Hon. Daniel T. K. Hurley, Senior United States District Court Judge for the Southern
District of Florida
Counsel of Record